**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**
**CIVIL ACTION NO. 4:26-CV-00206-BJB-HBB**

LANDON TALLEY                                                                          PLAINTIFF

VS.

ACRO SERVICE CORPORATION, et al                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Landon Talley's motion to stay the proceedings until he is released from incarceration and for appointment of counsel, DN 19. Defendant Acro Service Corporation has responded in opposition at DN 20, as has Defendant Shield Screen LLC at DN 21. Talley has not filed a Reply.

### Procedural History

Talley originally filed this action in state court (DN 1-1). On March 30, 2026, the case was removed to this court under federal question jurisdiction (DN 1). Talley's Complaint alleges that Acro, acting as an employment placement agent, contacted him about a job opportunity with Dana, Inc. (DN 1-1 Verified Complaint p. 3). Talley applied for the position and completed a job interview and drug screening test (*Id.*). Shortly thereafter, Acro notified him that he had been selected for the position and forwarded a background questionnaire (*Id.*). Talley contends he never executed an authorization for Acro to obtain his background information but Shield and Acro nonetheless obtained information which led to the loss of the employment opportunity with Dana. (*Id.* at pp.3-4). He asserts claims for violation of the Fair Credit Reporting Act, invasion of privacy,

tortious interference with contract and tortious interference with a prospective economic advantage. (*Id.* at pp. 5-7).

Talley was initially represented by counsel (DN 1-1). Talley's counsel moved to withdraw, and the motion was granted on May 20, 2026 (DN 6, 17). The order directed Talley to obtain replacement counsel within 60 days (DN 17). Talley's withdrawing counsel also filed a motion for an extension of time to respond to Shield Screen's pending motion to dismiss (DN 16). The Court likewise granted that motion, directing Talley to advise the Court no later than June 22, 2026, of the status of his efforts to secure replacement counsel, and reserved setting a briefing schedule on the motion pending Talley's securing counsel (DN 18).

On June 8, 2026, Talley filed the subject motion *pro se* (DN 19). He states that he is incarcerated and requests a stay of the case until his release, as his incarceration prevents participation in the case (*Id.*). Moreover, he asks for appointment of counsel due to his incarceration and inability to attend proceedings (*Id.*).

### Stay of the Case

Both Defendants have addressed Talley's request for a stay under a six-factor balancing test employed by *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (DN 20 p. 2; DN 21 p. 3). However, as this Court observed in *Almeyda v. Wooster Motor Ways, Inc.*, No. 3:25-CV-00085-RGJ-LLK, 2025 U.S. Dist. LEXIS 112906, at *7 (W.D. Ky. June 13, 2025), district courts considering a stay of civil proceedings look to those factors when the civil and criminal actions are parallel, meaning there is a relationship between the actions. Here there is none, and, as such, the factors are inapplicable. The Court looks instead to general principles of case management in evaluating Talley's motion.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A district court therefore has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "While there is no precise test for determining whether to issue a stay, the Court considers the balance of the hardships, the potential harm to the public, and judicial economy and efficiency." *Caudill v. Wells Fargo Home Mortg., Inc.*, No. 5:16-066-DCR, 2016 U.S. Dist. LEXIS 89136, at *7 (E.D. Ky. July 11, 2016).

Here, Tally's motion indicates that he is incarcerated at the Hopkins County Jail. He gives no indication of when he expects release, so his motion is essentially one for an indefinite stay. A stay should not be for an "indefinite duration in the absence of pressing need." *Landis*, 299 U.S. at 255. "[A] court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liability without undue delay." *Ohio Env't Council v. U.S. Dist. Court, S. Dist. of Ohio*, 565 F.2d 393, 396 (6th Cir. 1977). Talley's motion makes the bare assertion that his incarceration "prevents participation" (DN 19, p. 1). Even granting deference to his *pro se* status, this is insufficient to demonstrate that his incarceration prevents him from soliciting replacement legal counsel or from representing himself. He has been granted a sufficient period of time in which to obtain counsel, or should he wish to proceed *pro se*, the Court has held briefing in abeyance on the pending motion to dismiss and will in the future establish a briefing schedule so that Talley may file a Response. The motion to stay is denied.

<u>Appointment of Counsel</u>

In a civil case such as this action, appointment of counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir.1993). Further, 28 U.S.C. § 1915(e)(1) indicates

court-enlisted assistance of counsel is not mandatory but merely a matter of discretion.  *See*, *e.g.*, *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir.1987) ("'[T]he appointment of counsel in a civil case is, as is the privilege of proceeding in forma pauperis, a matter within the discretion of the court.  It is a privilege and not a right.") (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir.1965)).  "'It is a privilege that is justified only by exceptional circumstances.'" *Lavado*, 992 F.2d at 606 (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir.1985)).  "In determining whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent himself.'  This generally involves a determination of the 'complexity of the factual and legal issues involved.'" *Id.* (citations omitted).

The Court finds that the complexity of the issues in this case does not necessitate the appointment of counsel at this stage in the litigation.  Further, based on a review of the documents filed by Talley thus far, it appears that he is articulate and able to represent himself sufficiently at this time.  Consequently, the Court finds that Talley has not set forth any "exceptional circumstances" warranting appointment of counsel at this time.

**WHEREFORE**, Talley's motion to stay the proceedings and for appointment of counsel (DN 19) is **DENIED**.

July 15, 2026

H. Brent Brennenstuhl
**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies:  Landon Talley, *pro se*
             Counsel

4